Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Kurt Schuettinger (Bar No. 295879)
kschuettinger@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BACKGRID USA, INC., a California corporation,

Plaintiff,

v.

JON YUAN, a California resident; JEFFREY LEE, a California resident; both d/b/a BONNIE CLYDE; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**DEMAND FOR JURY TRIAL**

Plaintiff BackGrid USA, Inc. complains against Defendants Jon Yuan and Jeffrey Lee, both d/b/a Bonnie Clyde and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendants are domiciled in Los Angeles, California and are doing business in Los Angeles.

## PARTIES

3. Plaintiff BackGrid USA, Inc. ("BackGrid USA") is a corporation existing under the laws of California, with its principal place of business located in El Segundo, California.

4. On information and belief, Defendants Jon Yuan and Jeffrey Lee are brothers and are doing business together as Bonnie Clyde. Upon information and belief, they are both residents of California.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Plaintiff and the Photographs that Frame This Dispute*

6. BackGrid USA owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation for regularly breaking scoops on sought-after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs and videos that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. BackGrid USA owns the copyright to coveted photograph of Kendall Jenner (the "Jenner Photo"). BackGrid USA registered the Jenner Photo with the United States Copyright Office within three months of its first publication. The Copyright Office issued Registration No. VA 2-428-739. A true and correct copy of the registration certificate is attached as Exhibit "**A**."

*Defendants and Their Willfully Infringing Activity*

8. In 2016, brothers and Defendants Jon Yuan and Jeffrey Lee started Bonnie Clyde, a sunglass and eyewear brand ("Bonnie Clyde").

9. Defendants own, control, and operate extremely popular social media accounts, including the Instagram account @bonnieclyde, which has over 146,000 followers (the "Social Media Account"). Defendants also own the website, bonnieclyde.la (the "Website").

10. Defendants regularly post celebrity images and videos on the Social Media Account, which is public, such that its follower count does not reflect all users who viewed the posted content. On information and belief, Defendants operate and control the Social Media Account and use it to promote their brand and business.

11. Defendants regularly post celebrity images and videos on the Website, which does not publicize visitor data. On information and belief, Defendants operate and control the Website and use it to promote their brand and business. Defendants link their Social Media Account to their Website.

12. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Jenner Photo, as well as all derivatives thereof, on the Social Media Account without permission, consent, or license, all while knowing or having reason to know of the infringement.

13. Defendants violated federal law by willfully infringing Plaintiff's copyrights on the Social Media Account. Attached hereto as Exhibit "B" and incorporated herein by reference is true and correct screenshot of the infringing post containing the Jenner Photo on the Social Media Account.

14. On information and belief, Defendants operate and control the Social Media Account at all times relevant to this dispute and financially benefit from the infringement of the Jenner Photo displayed thereon. On information and belief, Defendants have driven significant traffic to their Social Media Account, and therefore increased their revenues, in large part due to the presence of the sought-after and searched-for Jenner Photo that frames this dispute. All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

15. Defendants are aware of the value of copyright-protected images. Their own Website contains the © imprint at the bottom of each page, indicating that they understand and intend to avail themselves of the protections of United States copyright law. The Terms of Service page on Defendants' Website also demonstrates their understanding of copyright law. *See* https://bonnieclyde.la/policies/terms-of-service. The site expressly tells visitors: "You may not use our products for any illegal or unauthorized purpose nor may you, in the use of the Service, violate any laws in your jurisdiction (including but not limited to copyright laws)." *See id*. By

pre-emptively warning visitors not to violate copyright laws, Defendants exhibit a sophisticated understanding of copyright law.

16. Prior to filing suit, BackGrid USA made exhaustive efforts to resolve the copyright infringement dispute with Defendants, including by sending cease-and-desist letters. Defendants failed to respond, forcing BackGrid USA to file suit.

17. The infringement at issue was discovered within 3 years of the filing of this lawsuit.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501)**

18. BackGrid USA incorporates by reference the allegations in paragraphs 1 through 17 above.

19. BackGrid USA is the owner of all rights, title, and interest in the copyrights of the Jenner Photo that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

20. BackGrid USA registered the Jenner Photo with the United States Copyright Office within three months of its first publication.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid USA's copyrights by reproducing, displaying, distributing, and utilizing the Jenner Photo for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid USA.

23. BackGrid USA has identified at least 1 instance of infringement by way of the unlawful reproduction and display of BackGrid USA's copyrighted work.

24. As a result of the acts of Defendants alleged herein, BackGrid USA has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid USA's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Jenner Photo, including by encouraging the infringement and receiving financial benefits from it.

26. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid USA, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid USA will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid USA seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

27. The above-documented infringement entitles BackGrid USA to recover its actual damages and Defendants' profits or, at its election, statutory damages of up to $150,000 per work infringed, as well as its attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of Plaintiff's content;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by it by reason of Defendants' acts, under 17 U.S.C. § 504(a)(1) & (b);

4. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

5. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. For costs pursuant to 17 U.S.C. § 505, and pre- and post-judgment interest as permitted by law, including under 28 U.S.C. § 1961; and

7. For any such other and further relief as the Court may deem just and appropriate.

Dated: November 4, 2026

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Kurt Schuettinger

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff BackGrid USA, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: November 4, 2026

**ONE LLP**

By: /s/ Joanna Ardalan

Joanna Ardalan
Kurt Schuettinger

*Attorneys for Plaintiff,*
BackGrid USA, Inc.